

**SO ORDERED.**

**SIGNED this 21 day of July, 2006.**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

_____
　　　　　　　**John C. Cook**
　**UNITED STATES BANKRUPTCY JUDGE**

_____

## IN THE UNITED STATES BANKRUPTCY COURT FOR

## THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **ANDREW BLANE PENLAND** | ) | **No. 06-11895** |
| | ) | **Chapter13** |
| **Debtor** | ) | |

**M E M O R A N D U M**

This case came to be heard on the debtor's motion to extend the automatic stay and on a

motion for relief from the automatic stay filed by First National Bank of Chatsworth. For the

reasons that follow, the court will deny the debtor's motion to extend the automatic stay and

grant the creditor's motion for relief from the automatic stay.

The record reveals that the debtor filed his first chapter 13 case on May 2, 2006. At that

time, the debtor was working as a loan officer for American Acceptance Mortgage. On June 9,

2006, the court entered an order dismissing the debtor's first case because the debtor had failed

to make any of his plan payments. Following the dismissal of the debtor's first case, the

creditor, First National Bank of Chatsworth, repossessed the debtor's vehicle, a 2003 Lexus GX-

470.

On June 22, 2006, the debtor filed his present chapter 13 case. An order was entered on

June 27, 2006, directing the debtor to immediately begin paying his chapter 13 payments. The

debtor failed to attend his meeting of creditors on July 19, 2006, and the chapter 13 trustee

reported that the debtor had not made a payment. In closing argument following the debtor's

testimony, the debtor's counsel asserted that the debtor missed his meeting of creditors because

he came late. No reason was offered during the debtor's testimony why he failed to timely

appear at the meeting. The debtor's counsel also stated that he had received the debtor's first

plan payment and that he was now prepared to submit the first payment to the trustee.

When asked why he had failed to make payments during his first case, the debtor

explained that he works on a commission basis and that he did not receive his money as quickly

as he had hoped. The debtor admitted, however, that he had been working at his present

employment since late March or early April of this year. The debtor stated that since the

dismissal of his first case, he had closed some loans and now was in a position to make his plan

payments.

The debtor's chapter 13 plan  proposes monthly payments of $778.   The plan values the

2003 Lexus GX-470 at $15,000 and proposes to pay First National Bank of Chatsworth $600 a

month on the secured value, plus 11.75% interest.  Unsecured creditors, including the unsecured

deficiency claim of First National Bank of Chatsworth, are to be paid 10% of their claims.  The

debtor's schedules state that the unsecured portion of the bank's claim is $10,667.  The debtor

seemed to admit on the stand that the Lexus had a value much greater than $15,000, and the

debtor could not explain his reason for valuing such an expensive vehicle at only $15,000. The

Lexis is the only secured claim dealt with by the debtor's plan.

Under the new Bankruptcy Act, the debtor's second bankruptcy filing gave rise to a

presumption that the bankruptcy filing was not in good faith. A case is presumptively not in

good faith as to all creditors, if---

> (III) there has not been a substantial change in the financial or personal affairs of
> the debtor since the dismissal of the next most previous case under chapter . . .13
> or any other reason to conclude that the later case will be concluded—
>
>> ......
>>
>> (bb) if a case under chapter ...13, with a confirmed plan that will be fully
>> performed.

11 U.S.C. § 362(c)(3)(C)(i)(III).

The presumption may be rebutted "by clear and convincing evidence to the contrary." 11 U.S.C.

§ 362(c)(3)(C). "Clear and convincing evidence may be defined as that measure or degree of

proof which will produce in the mind of the trier of fact a firm belief or conviction as to the

allegations sought to be established." *In re Wilson*, 336 B.R. 338, 347 (Bankr. E.D. Tenn. 2005)

(quoting *Yoppolo v. Household Realty Corp. (In re Winland)*, 276 B.R. 773, 784 (Bankr. N.D.

Ohio 2001)). "The quantum of evidence that must be brought forward to rebut [the presumption]

is heavier than the standard civil burden of a preponderance of the evidence." *In re Kurtzahn*,

337 B.R. 356, 366 (Bankr. D. Minn. 2006).

     In this case, the court cannot find that the debtor rebutted the aforesaid presumption by

clear and convincing evidence. The debtor has the same job that he had when his first case was

filed. Although the debtor belatedly tendered his first payment in this case, there was no clear

and convincing evidence that there had been a substantial change in the financial affairs of the

debtor. He is still being paid on a commission basis as he was in his first case. The evidence did

not establish that the commission payments would be both regular and sufficient to meet the

debtor's expenses and the debtor's plan payments.  Also, the debtor failed to show that his

valuation of the Lexus vehicle at $15,000 was a realistic valuation.  Hence, it could not be

determined how much the debtor's plan payments might have to be increased to accommodate an

increase in the value of the Lexus.

     The debtor's first case ended with no payment and no confirmed plan. Thirteen days later

the debtor refiled another bankruptcy petition.  In the meantime, the creditor repossessed the

expensive vehicle the debtor had been driving.  In order to have retained the benefits of the

automatic stay beyond the first thirty-day period, it was incumbent upon the debtor to clearly and

convincingly prove that his financial affairs had so substantially changed that he would be able

to obtain a confirmed plan that would be fully performed. The debtor's proof simply did not meet the clear and convincing standard.

Accordingly, the court will deny the debtor's motion to extend the automatic stay and will grant the motion by First National Bank of Chatsworth for relief from the stay.

###